## No. 6391.

### JOHN J. HAYES VS. NEW ORLEANS AND HER ADMINISTRATORS.

An act of the General Assembly, establishing a hospital for small-pox patients and other contagious diseases, will be presumed to have been passed to secure the public health, and not for the benefit or emolument of a private person. The court will not presume, in the absence of direct and positive provisions to that effect, that the Legislature intended to revolutionize the whole sanitary system of a great city, and strip the Board of Health and other authorities of all supervision, control, and management of a hospital set apart for the treatment and care of a dangerous malady.

The Act in question does not confer upon the owner of such hospital the exclusive right of treating and caring for the patients afflicted with the maladies named therein, and in the absence of such right, the city is not responsible to him for its violation, and he has no action to enforce it, or to recover damages for its violation.

APPEAL from the Superior District Court of New Orleans. LYNCH, J.

*Collens* and *Shackleford* for Plaintiff Appellant. *Lacey & Butler, Blanc, Jones,* for Defendant.

The suit is to recover fifty thousand dollars as damages for alleged losses suffered in consequence of the defendant's wilful disregard and

violation of Act No. 60, of 1872, the violations complained of being their neglect to send to his hospital the indigent cases of small-pox, for his treatment.    There was judgment for $24,855.

SPENCER, J.    If we give to the act the effect claimed by the plaintiff, we make of it a legislative job.    We must presume it was passed, not for the benefit or emolument of an individual, but as a measure to secure the public health.

How can we presume, in the absence of direct and positive provisions to that effect, that the Legislature intended to revolutionize the whole sanitary system of a great city — strip the Board of Health, and other authorities of all supervision, control, and management of a hospital, set apart for the treatment and care of one of the most dangerous and prevalent maladies afflicting its people?

Yet, if it is true that by the Act aforesaid the sanitary authorities were obliged to send such patients, not only to the Luzenberg Hospital, but *to the care and treatment of Dr. Hayes*, and that they had no discretion in the premises — then it is also true that the said authorities could not supersede, remove, or otherwise interfere with him, however unfaithful to his trust, because he derived his rights and authority *from the State*, a power superior and paramount to the city, and because no law of the State gave the city control or supervision o him.    Both are the creatures of the State — both independent of the city authorities.

A construction leading to such monstrous results cannot be adopted in the absence of plain and unmistakable terms requiring it. The State, by agreement with Hayes, obtained the use of the Luzenberg Hospital for fifteen years — established it as an exclusive small-pox hospital, commanded that all indigent cases of small-pox be sent to it, under penalty of $100 to be recovered by the State for each violation, and directed that the city of New Orleans should pay the expenses of sending the patients to the hospital, and the usual *per diem* for their maintenance and treatment while there.

Now, where is the provision in this Act that confers on Hayes the exclusive right claimed by him of treating and caring for these patients?

It does not exist — he has no such right under the act.    If he has no such right — if it does not exist, the city and its administrators could not violate it, and having no right, he could have no action.

*Judgment reversed, and for defendant.*